Samuel W. Eager, J.
We have here a motion for summary judgment in an alleged declaratory judgment action, in which the parties (other than the Secretary of State), as owners of motels along the New York State Thruway, seek, along with incidental relief, a declaration of their rights with respect to the use of the term61 Thruway ’ ’ in connection with the designation, operation and advertisement of their respective motels. The alleged rights of the parties are premised upon the provisions of sections 209-a to 209-g of the General Business Law, relating to the registration of “ hotel names ”; and neither party relies upon a case under the theory of unfair business competition.
The material facts are undisputed. The plaintiff, a domestic corporation, operates a motel at Ardsley, New York. This motel of plaintiff first came into existence as a partnership venture under the partnership name of ‘ ‘ Ardsley Thruway Motel Affiliates ”, and a certificate of conducting business under such name in pursuance to section 440 (subd. b) of the Penal Law was filed in the Westchester County Clerk’s office on March 5, 1956. Later, and on the 15th day of June, 1956, the interested persons incorporated under the name of ‘ ‘ Ardsley Thruway Motel Affiliates, Inc.”. Thereafter, and on May 16, 1957, by certificate of amendment duly filed, the corporate name was changed to “ Thruway Motel of Ardsley, Inc.”. Since incorporation, the corporation has been and now is engaged in the conducting of a modern 50-room motel at Ardsley, without restaurant facilities, and the said motel is designated and advertised as the “ Thruway Motel” and the “ Thruway Motel of Ardsley, New York.”
The defendant Heilman Hotel Corporation, also a domestic corporation, in November, 1956 commenced the building of a large motel at Albany, New York, and thereupon erected near the highway a large sign carrying the legend that the ‘1 Thruway Motel ” was being built. On June 4, 1957, allegedly in accordance with section 209-a of the General Business Law, it filed a petition with the Secretary of State for registration of the name ‘ ‘ Thruway Motel ” as a hotel name and fully complied *421 with the provisions of such law for the registration of the name. The defendant now owns and operates its motel at Albany, New York, a modern 91-room affair, with snack-bar, and has designated it and advertises it as the “ Thruway Motel ”.
The plaintiff, claiming the prior use of the term ‘1 Thruway ’ ’ in connection with its motel, seeks in this action a judgment declaring the respective rights of the parties with respect to the use of the name “ Thruway Motel ”, and incidentally, relying upon the provisions of section 209-c of the General Business Law, seeks a direction in the judgment that the Secretary of State, also a defendant in this action, cancel the registration by the defendant corporation of the name. The defendant corporation by counterclaim seeks judgment declaring that it is entitled to the exclusive use of the name “ Thruway Motel ” by virtue of its registration of the name with the Secretary of State, and incidentally prays that plaintiff be enjoined from using the name with reference to its property at Ardsley, N. Y., and that it have recovery from plaintiff of the penalty of $10 a day under section 209-d of the General Business Law for the latter’s use of the name since October 26,1957.
Now, section 209-a of the General Business Law provides that any person conducting the “ business of an hotel in the state of New York ” may register the name by which said hotel is known by the filing of a petition therefor in the office of the Secretary of State, the filing of a duplicate original or certified copy thereof in the office of the Clerk of the county in which the hotel is located, and the publication of a copy of the petition for three consecutive weeks in a newspaper; and that the person “ shall thereupon have the right to the exclusive use of such name or designation for an hotel in the State of New York Then particularly relied upon by plaintiff are the provisions of section 209-c. It is therein provided: “ The secretary of state shall not record, register or file any name or designation identical with or similar to any other name or designation filed or registered as herein provided as would be calculated to deceive or mislead the public, unless such prior registration shall have been revoked as herein provided. The supreme court may, in an action brought for that purpose by any person or corporation aggrieved thereby against any other person or corporation who or which has already filed or registered any such name or designation, direct the revocation of any such registration where it shall be determined that the person who has already registered the same has not the right to use such name or designation because of the prior use thereof by another. No person *422 other than the proprietor of such name or designation, which has been filed in the office of the secretary of state and in the office of the county clerk, as aforesaid, shall, without the written consent of such proprietor, in any manner whatsoever, either directly or indirectly, use such name or designation, or any other name or designation for the name of an hotel in the state of New York which may be so similar as to deceive or mislead the public ”.
It is noted that sections 209-a to 209-g of the General Business Law by the terms thereof apply to any person owning or engaged ‘1 in and conducting the business of an hotel in the state of New York”. The Attorney-General did render an opinion in 1954 holding that the registration of names of motels was authorized by the sections, whether or not food was served therein (1954 Atty.-Gen., 202), and, pursuant to such holding, the Secretary of State has been accepting for registration as hotel names the names of motels. The opinion of the Attorney-General and the long-continued course of action on the part of the Secretary of State in accepting the registration of names of motels are entitled to great weight in determining the construction and effect of the statute, but are not necessarily binding on this court. It is clear that the effect of a particular statute may not be enlarged beyond the generally accepted meaning of the terms thereof by the opinion or action of executive or administrative officers. In the final analysis, the interpretation of statutes is for the courts, and the enlargement or amendment thereof is solely a legislative prerogative. (See McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 129.)
Upon a full and deliberate consideration of the matter, it would appear, however, that sections 209-a to 209-g are not properly applicable to generally permit the registration of the names of motels, and that the situation should be clarified by legislative enactment. The word “ hotel ” as used in the sections was not defined by the Legislature, and the word is therefore to be construed in accordance with its common acceptance. (Dixon v. Robbins, 246 N. Y. 169, 171.) The statute and the words used therein are to be construed according to the meaning thereof at the time of its enactment in 1923 (82 C. J. S., Statutes, § 329, p. 638) and expediency born of changing circumstances and conditions will not be permitted to alter the meaning of the plain and ordinary language used therein. (Arnold v. City of Chicago, 387 Ill. 532.) A new meaning should not be given to the words of this 1923 statute in consequence of *423 the changed conditions of living and travel. (Dunn v. Commissioner of Civil Service, 281 Mass. 376.)
Clearly, there are distinctions between an ordinary roadside motel and a hotel, just, as there are differences between a lodging house or tourist home and a hotel; and many motels are not to be classified as hotels. “■ The distinction between a ‘ hotel ’ and a ‘ motel ’ is firmly established in the mind of any reasonable person.” ( Hotel Syracuse v. Motel Syracuse, 283 App. Div. 182,186, affd. 309 N. Y. 831. See, also, Matter of Von Der Heide v. Zoning Bd., 204 Misc. 746, affd. 282 App. Div. 1076.) In any event, it is clear that the Legislature, in enacting in 1923 (L. 1923, ch. 419) said sections, had no thought that they would be applied to the hundreds of motels which were later to spring up principally in suburban areas along our highways. And furthermore, there is clear indication that the Legislature intended that the word ‘ ‘ hotel ’ ’ as used in the sections was not to be enlarged beyond the ordinary meaning of the word at the time of enactment. This follows from a consideration of the various other sections of the article in which said sections are located, to wit, the several sections in article 12 of the General Business Law having to do with hotels and boarding houses. It thereby appears that whenever the Legislature intended that a statute having to do with this type of structure should have application to an establishment not coming within the usual definition of a hotel, such as a boarding or lodging house or a motel or tourist cabins, it was so expressly provided. For instance, section 204 having to do with the keeping of a guest register was expressly made applicable to a “ hotel, motel, tourist cabins, camp, resort, tavern, inn, boarding or lodging house ’ \ With provision already for posting of rates by a “ hotel or inn ” (§ 206), special provision was made by section 206-a for the advertising of rates for “ motels and motor courts ’ ’. Sections 207 to 209, having to do with the sale of unclaimed articles, are made expressly applicable to a 1 ‘ boarding house, rooming house or lodging-house ’ ’ as well as to a hotel and inn. And the Legislature saw fit to expressly define the word ‘ ‘ hotel ’ ’ in connection with its use in sections 209-h to 209-n having to do with seamens ’ hotels.
It is clear, however, that certain motels in the State do conduct business in the manner and style of a hotel, and the defendant corporation specifically claims that its motel, which is situate on Washington Avenue in the city of Albany, has the principal attributes of a modern hotel. Therefore, contending *424 that it conducts “ the business of an hotel ”, it insists that the registration of its name with the Secretary of State was a proper procedure. Under all the circumstances, and in any event it appearing that the judgment to be rendered herein would be the same, the court for the purposes of determining this motion will assume that sections 209-a to 209-g are applicable to permit registration of names of motels such as are conducted by the plaintiff and the defendant corporation. Nevertheless, it clearly appears that neither of said parties have by virtue of the provisions of said sections acquired any special rights with respect to the use of the name “ Thruway Motel ”,
The plaintiff, relying solely upon a prior use of the term ‘ ‘ Thruway Motel ’ ’ in its name, that is, a use by it of this term for some time before the defendant corporation had occasion to use the name and register the same, points to the second sentence of said section 209-c above set forth as supporting its claim to a declaration that it has the exclusive right to the name “ Thruway Motel ” and to a direction for the cancellation of the registration of that name by the defendant corporation. Such sentence does not, however, in and of itself, have the effect of creating a cause of action in favor of the prior user of the name for a cancellation of a subsequent registration of the name by another. Nowhere in the statute will be found a provision having this effect. In fact, to give the statute this construction, would operate to give the prior user of the name the exclusive right thereto, and tend to make prior use, rather than registration, the sole test applicable in determining the rights of parties to the use of a name. The provision is that the Supreme Court ‘1 may ’ ’ direct the revocation of the subsequent registration in an action by the prior user of the name, and it is clear that this particular sentence was inserted in the statute merely to provide for a means or remedy and not to give a cause of action. There is thereby provided a remedy to obtain the cancellation of a registration where grounds exist for such cancellation. To justify such cancellation there must be a showing of fraudulent conduct, unfair competition or other equitable grounds, and there is no such showing here.
Now, so far as the counterclaim is concerned, and assuming the applicability of said sections 209-a to 209-g of the General Business Law, the defendant corporation is not entitled to any relief. It does clearly appear that the use of the term “ Thruway Motel ’ ’ as the name of a motel was not new or original with the defendant. The plaintiff was calling its motel by this name for some months before defendant registered the same. Also, *425 at about the same time, other motels along the New York State Thruway were using the name. Therefore, the defendant would not, in my opinion, gain the exclusive right to use the name by registering it. One may not merely by ex parte registration appropriate unto himself a trade name already lawfully in use by others. Furthermore, the statute here expressly provides that no “person” shall by the provisions thereof “be prohibited from using his or her own true name in connection with the operation of any hotel now in existence or hereafter constructed ”. This bars the defendant from a decree declaring plaintiff has no right to the use of the term “ Thruway Motel ” and restraining the use thereof by plaintiff. To render such a decree would unreasonably prohibit plaintiff in the use of its corporate name.
Finally, under the circumstances here, and absent a proper showing of a course of conduct amounting to unfair business competition, neither of the parties should be accorded any protection with respect to the use of the term “ Thruway Motel ” as a name without combining the same with other words to make a name distinctive in effect. The words “ Thruway ” and “ Motel ” and the use of the two words together are in the category of general, descriptive or geographical words which may not ordinarily be exclusively appropriated for use as a trade name. (See Ball v. Broadway Bazaar, 194 N. Y. 429; Hotel Syracuse v. Motel Syracuse, supra; Time, Inc., v. Life Color Lab., 279 App. Div. 51, affd. 303 N. Y. 965; Smiling Irishman v. Juliano, 45 N. Y. S. 2d 361.) Certainly, no one would seriously contend that he could gain a proprietary right in the word 1 ‘ Motel ’ ’ as the name of a hotel by registering this word alone as a name with the Secretary of State. And the mere prefacing of “ Thruway ” to the word “ Motel ” would not, in my opinion, make a name suitable for registration and protection as the name of a hotel situate along the New York State Thruway. Bearing in mind that the State Thruway is approximately 427 miles in length, extending from New York City to Buffalo, with numerous motels located all along the way, the term1 ‘ Thruway ” added to the word “ Motel”, without the addition of words of distinction or denoting place of location, results in a name so general as to preclude a party from gaining exclusive rights therein.
Where the application is for summary judgment in an action for declaratory judgment, and it appears that there are no material issues, the court should make such declaration, within the limits of the pleadings, as is called for by the undisputed facts. *426 Thus, in view of the conclusions of the court, judgment shall be entered herein declaring that neither the plaintiff nor the defendant corporation have acquired any rights to the use of the name ‘ ‘ Thruway Motel ’ ’ by virtue of the provisions of the General Business Law, and further providing that it is adjudged and decreed that the parties are not entitled to any other or further relief. The counterclaim is dismissed. No costs. Settle judgment on notice.