Isadore Bookstein, J.
Plaintiff moves for a temporary injunction. Petitioner Walter Beade, Jr., moves for permission to intervene as a party plaintiff. Defendants move for summary judgment dismissing the complaint or, in the alternative, for judgment on the pleadings.
Defendant, Kingston Cablevision, Inc., hereinafter referred to as “ Cablevision”, was incorporated, pursuant to section 3 of the Transportation Corporations Law, to construct, operate and maintain a community antenna system within the County of Ulster; to construct, operate and maintain wires, cables, amplifiers, towers, electronic equipment and other things necessary for such community antenna system and to do everything necessary for the accomplishment and furtherance of the aforesaid powers.
Section 2 of the Transportation Corporations Law classifies transportation corporations in eight categories. Subdivision 2 thereof classifies one of such corporations as “ A telegraph corporation, a telephone corporation or a telegraph and telephone corporation.”
Article 3 of the Transportation Corporations Law deals with telegraph and telephone corporations.
Section 25 of that law defines a telegraph and telephone corporation as follows:
“ A telegraph corporation is a corporation organized to construct, own, use and maintain a line or lines of electric telegraph wholly within or partly without this state, or to acquire and own any interest in any such line or lines, or any grants therefor or for any or all of such purposes. A telephone corporation is a corporation organized to construct, own, use and maintain a line or lines of electric telephone wholly within or partly without the state, or to acquire and own any interest in any such line or lines, or any grants therefor or for any or all of such purposes. A telegraph and telephone corporation is a corporation organized for both such telegraph and telephone purposes.”
If defendant “ Cablevision ” is. a transportation corporation, it is so only by reason of subdivision 2 of section 2 and section 25 of the Transportation Corporations Law.
Plaintiff attacks an ordinance passed by the Common Council of the defendant, the City of Kingston, New York (hereinafter referred to as “ City ”) and signed by its Mayor, on the ground that there has not been compliance in the passage of such ordinance, with provisions of subdivision 2 of section 23 of the
*629 General City Law, with respect to public auction and public notice thereof. Plaintiff’s contention is that the ordinance grants a franchise to defendant “ Cablevision ”, Defendants contend that the ordinance grants no franchise but rather a permit for defendant61 Cablevision ” to do certain things in the streets of defendant ‘ ‘ City ’ ’, and in and about its poles, in order to carry out its franchise granted to it by virtue of its certificate of incorporation and the Transportation Corporations Law.
It becomes important, therefore, first to determine whether or not defendant “ Cablevision ” is a transportation corporation.
Plaintiff contends that section 25 of the Transportation Corporations Law makes no mention of a corporation engaged in radio or television transmission, and, hence, “ Cablevision ” cannot be a transportation corporation and that the language of that section cannot be extended by implication. If that contention is correct, then the ordinance under attack is invalid for failure to comply with subdivision 2 of section 23 of the General City Law.
In Holmes Elec. Protective Co. v. Williams (228 N. Y. 407, 420), the Court of Appeals said: “General incorporation acts have usually been given a sufficiently broad interpretation to meet progressive inventions in the enterprises mentioned.”
In that case the court said (p. 417): “ Eead strictly the 1 Telegraph Act ’ of 1848 might seem to apply solely to telegraph companies as understood at the present time, but such has not been the interpretation given by the courts or the public officers and departments dealing with companies and associations incorporated under the act. It certainly could not have applied to telephone companies as such were not known or in existence in 1848. And yet when the telephone was perfected so as to transmit the human voice and companies were formed to enable persons at distances to talk with each other, the * Telegraph Act ’ was held to be the authority for such incorporation. (Hudson River Telephone Co. v. Watervliet Turnpike & Railway Co., 135 N. Y. 393; People v. Metropolitan Telephone & Telegraph Co., 31 Hun 596.) District messenger companies requiring wires for calling officers or messengers were recognized by the courts as corporations organized under this law of 1848. (Hirsch v. American District Telegraph Co., 112 App. Div. 265; American District Telegraph Co. v. Woodbury, 127 App. Div. 455.) ” And at page 418, the court said: “ Companies to transmit stock quotations by telegraph and incorporated as telegraph companies have been before the courts unquestioned as to their powers. (Tucker v. Western Union Telegraph Co., 95 Misc. *630 Rep. 287; affd., 156 N. Y. Supp. 1148; Smith v. Gold & Stock Telegraph Co., 42 Hun, 454.) ”
The Attorney-General has ruled that a corporation engaged in business of receiving, relaying and distributing television and radio broadcasts by means of wires is a telegraph and telephone corporation and should be formed pursuant to the Transportation Corporations Law.
The Department of State has accepted and filed the certificate of incorporation of defendant, ‘ ‘ Cablevision ’ ’ as proper under the Transportation Corporations Law. (1952 Atty. Gen. 166.)
While, of course, the action of the Department of State and the opinion of the Attorney-General are not conclusive or binding on the courts, they are entitled to considerable weight, in view of the statements in Holmes Elec. Protective Co. v. Williams (228 N. Y. 407, supra) heretofore quoted herein.
This court concludes that defendant ‘ ‘ Cablevision ” is a transportation corporation, within the purview of article 3 of the Transportation Corporations Law.
We come next to the question of the source of the franchise of defendant, ‘ ‘ Cablevision ’ ’. Plaintiff contends that the franchise is granted by the ordinance under attack.
Subdivision 10 of section 20 of the General City Law confers upon cities the power “ To grant franchises or rights to use the streets, waters, water front, public ways and public places of the city ” (italics supplied).
Section 23 (subd. 2, par. b) of that law imposes conditions on making or authorizing a franchise, such as public auction on public notice. It is significant that, unlike subdivision 10 of section 20, section 23 (subd. 2, par. b) makes no reference to “rights to use the streets ”, as requiring public auction on public notice. It seems to this court that the omission of the language “ rights to use the streets ” in the latter section is intentional and purposeful.
If the city by ordinance actually grants a franchise, then subdivision 2 (par. b) of section 23 must be complied with.
Section 27 of the Transportation Corporations Law authorizes a telegraph or telephone corporation to “ erect, construct and maintain the necessary fixtures for its lines upon, over or under any of the public roads, streets and highways ’ ’.
That authorization creates the franchise, in the classic sense of that word, which is granted to defendant ‘ ‘ Cablevision ’ ’ upon its incorporation.
True, section 27 of the Transportation Corporations Law requires a telegraph or telephone company to obtain permission from the common council of a city to use the streets within such *631 city for its purposes, in other words, before it can exercise the franchise which it already holds. Such permission is not a franchise, in the classic sense, at all. Bather, it is a limitation on the franchise already in existence, in the reservation to the city, in the exercise of its police powers, in protecting the lives and health of its inhabitants.
Thus, in Village of Carthage v. Central New York Tel. & Tel. Co. (185 N. Y. 448, 452), the court said: “ The right to erect these poles and string the wires is not derived from the village authorities, but they are permitted to regulate the erection of the same; that is to say, the location of the poles and the streets to be occupied are, doubtless, within the reasonable power of the village to regulate. ’ ’
And at page 451, the court said: “ It has long been the settled law of this state that telegraph and telephone companies derive the right to erect their poles and string their wires directly from the state.”
To the same effect see New Union Tel. Co. v. Marsh (96 App. Div. 122); Barhite v. Home Tel. Co. (50 App. Div. 25).
The ordinance or ordinances in question, then, does not grant a franchise under the General City Law. Bather it grants the permission required by section 27 of the Transportation Corporations Law, before the franchise holder can use the streets of the defendant, “ City”. That being so, the requirements of subdivision 2 (par. b) of section 23 of the General City Law are not applicable.
Indeed, the amended ordinance expressly states that the permission required by section 27 of the Transportation Corporations Law is being granted thereby.
In Colonial Motor Coach Corp. v. City of Oswego (126 Misc. 829, affd. 217 App. Div. 816 and 220 App. Div. 809), it was expressly held with respect to a bus company organized under the Transportation Corporations Law that the granting of consent is not void for failure to comply with subdivision 2 of section 23 of the General City LaAV; that such consent is not the sale of a franchise; that subdivision 2 of section 23 of the General City Law is inapplicable, that the situation was governed by former section 26 of the Transportation Corporations Law, now coArered by sections 66 and 67 of the Transportation Corporations LaAV.
In the instant case, the situation is controlled by section 27 of the Transportation Corporations Law.
The ordinance under attack by plaintiff is a valid exercise of power under section 27 of the Transportation Corporations Law.
*632 We come now to a second canse of action attacking the validity of the ordinances in question.
Basically, the second cause of action is that the Common Council of the defendant “City” abused its discretion and favored defendant “ Cablevision ” in passing the ordinances referred to. No charge of fraud or corruption is made. There is also some quarrel with the procedure followed by the Common Council of defendant “ City ”.
So long as the procedure violates no express statutory command or prohibition, the courts have no power to review or interfere with the procedure of a legislative body. (Armatage v. Fisher, 74 Hun 167; cf. Commission of Public Charities of Hudson v. Wortman, 255 App. Div. 241, 245, affd. 279 N. Y. 711.)
In the absence of fraud or corruption, the courts are not empowered to review the actions of legislative bodies or to inquire into the motives which actuate them. (Kittinger v. Buffalo Traction Co., 25 App. Div. 329; Bacon v. Miller, 247 N. Y. 311; Admiral Realty Co. v. City of New York, 206 N. Y. 110, 125; Ziegler v. Chapin, 126 N. Y. 342, 348; Matter of Spano v. Close, 266 App. Div. 1023.)
Motion of plaintiff for a temporary injunction denied; application of Walter Reade, Jr., to intervene as a party plaintiff denied; cross motion of defendants for summary judgment granted.
Submit order.
All papers to Mr. Streifer, except brief for plaintiff which is transmitted to his attorney and brief of defendant, City of Kingston, which is transmitted to its attorney.