In the Matter of CHERYL A. NELSON, Respondent, v NEW YORK STATE CIVIL SERVICE COMMISSION et al., Respondents, and EDWARD V. REGAN, as Comptroller of the State of New York, et al., Appellants.

Third Department, November 3, 1983

### APPEARANCES OF COUNSEL

*Calvin M. Berger (John K. Dalton* and *William T. Graham* of counsel), for appellants.

*Arnold W. Proskin, P. C. (Claudia R. McKenna* of counsel), for Cheryl Ann Nelson, respondent.

### OPINION OF THE COURT

MAIN, J.

Petitioner was a tax examiner, grade 14, with the State Department of Taxation and Finance when, in 1973, she resigned from State service for maternity reasons. Unaware that she could be reinstated to her former position, petitioner took an open competitive examination and, in March, 1979, was appointed from the eligible list to her former unit as a tax technician, grade 10. This position,

due to a reorganization in the State Department of Taxation and Finance, was entry level and a two-year training period was required to become a tax technician, grade 14. In March, 1981, petitioner attained the position of tax technician, grade 14, and sought to have her salary adjusted in accordance with an opinion of the Attorney-General dated October 30, 1980 which opined that, under subdivision 4 of section 131 of the Civil Service Law, a former employee who returns after resignation to the position previously held is entitled to be paid at the rate which reflects prior satisfactory service in the former position (see 1980 Opns Atty Gen 39). Petitioner's initial request for a salary adjustment was denied and, after her bargaining unit made a formal request for retroactive reinstatement and salary adjustment, the Civil Service Commission denied the formal request, finding subdivision 4 of section 131 of the Civil Service Law not applicable in petitioner's situation. Petitioner then commenced this CPLR article 78 proceeding, claiming that she is entitled to be paid at the rate of pay she had attained during her former State service at grade 14 because she had re-entered State service in the same or a similar position, and seeking to have her salary recomputed with credit for her former State service and to receive retroactive payment from the time she re-entered State service. Special Term granted the petition, agreeing with the opinion of the Attorney-General. This appeal was then taken only by respondents Comptroller and the State Department of Audit and Control. Because we interpret subdivision 4 of section 131 of the Civil Service Law in a manner different than the Attorney-General, reversal is warranted and the petition must be dismissed.

Subdivision 4 of section 131 of the Civil Service Law provides: "Appointments, transfers and reinstatements to similar grade positions. If such an employee is appointed, transferred, or reinstated to a position in the same salary grade, he shall be paid the same salary in the new position as he received in his former position." The reference to "such an employee" clearly refers to an employee previously described and, reading the statute as a whole (see *Sanders v Winship,* 57 NY2d 391, 395-396; see, also,

McKinney's Cons Laws of NY, Book 1, Statutes, §§ 97, 130), it is apparent that the relevant description is in subdivision 1 of section 131, which applies to "[a]n employee holding a position allocated to one of the salary grades included in section one hundred thirty of this chapter". Petitioner was not "[a]n employee holding a position" at the time of her re-entry into State service and, thus, does not fall within the dictate of subdivision 4 of section 131 of the Civil Service Law. Accordingly, petitioner is not entitled to the relief sought and the petition should be dismissed.

In reaching this conclusion, we are not unmindful that an opinion of the Attorney-General is usually accorded great deference but we are not bound by an erroneous interpretation of law (see *Harper v City of Kingston,* 17 Misc 2d 627, 630; *Thruway Motel of Ardsley v Hellman Motel Corp.,* 11 Misc 2d 418, 422; 56 NY Jur, Statutes, § 180, pp 642-643). We note that the illustrative case cited by the Attorney-General, although not named in his opinion (see 1980 Opns Atty Gen 39), is apparently *Matter of Colenzo v New York State Dept. of Audit & Control* (Supreme Ct, Albany County, April 17, 1979, DORAN, J.), in which an interpretation of subdivision 4 of section 131 of the Civil Service Law was not undertaken. Thus, *Colenzo* is of minimal precedential value. Likewise, the case expressly relied on by the Attorney-General, *Totero v Levitt* (41 NY2d 1002, revg on dissenting opn below 51 AD2d 109), is cited for the proposition that the plain language of subdivision 4 of section 131 of the Civil Service Law cannot be disregarded. The cited case, however, interpreted subdivision 4 of section 219 of the Judiciary Law (now Judiciary Law, § 37, subd 4 [see L 1978, ch 156, § 9]), which is worded differently than subdivision 4 of section 131 of the Civil Service Law, and, thus, is suspect as precedent herein. Accordingly, we are not bound to the opinion of the Attorney-General.

Moreover, the fact that subdivision 4 of section 131 of the Civil Service Law refers to appointments and reinstatements does not render our interpretation of this statute erroneous. These terms have applications in the civil service context which are consistent with the result reached

herein. For example, subdivision 4 of section 130 of the Civil Service Law discusses increased hiring salaries for incumbents who are appointed, transferred or reinstated, thereby making clear that incumbents can be appointed or reinstated. If an incumbent can be appointed or reinstated, it seems fair to state that "an employee holding a position" can be appointed or reinstated. Thus, our interpretation does not fall by the inclusion of these terms in subdivision 4 of section 131 of the Civil Service Law. Accordingly, because petitioner did not hold a position when she re-entered State service, she is not entitled to the relief sought. In view of our disposition of the statutory construction issue, we need not address the question of whether this proceeding was time barred.

The judgment should be reversed, on the law, and the petition dismissed, without costs.

Kane, J. P., Casey, Weiss and Levine, JJ., concur.

Judgment reversed, on the law, and petition dismissed, without costs.