OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, though on somewhat different reasoning than stated in the opinion of that court (96 AD2d 132).
Subdivision 4 of section 131 of the Civil Service Law, upon which petitioner relies, applies only when an employee is “reinstated to a position in the same salary grade”. The position petitioner left in 1973 was in salary grade 14; that to which she was reinstated, in salary grade 10. Subdivision 4 of section 131 of the Civil Service Law does not entitle her to the salary of her former position upon “reinstatement” to a position of lower salary grade. Nor should her eventual promotion to grade 14 entitle her to the salary of her former step in that grade from the time of that promotion. The purpose of subdivision 4 is to permit State employees to move from one allocated position, whether within the same or another agency, to another, whether by appointment, transfer or reinstatement, with *805 out loss in salary, not to provide additional compensation to a former employee who returns to State service in a lower grade.
The opinion of the Attorney-General (1980 Opns Atty Gen 39), upon which Special Term relied, is distinguishable because it dealt only with the right of an employee reinstated in his former grade to payment of the difference in salary between the entrance level, or hiring rate, of the grade and the increment level (or job rate) which the employee had attained in his former position, and held no more than that subdivision 4 of section 131 of the Civil Service Law entitled him to be paid, retroactively to the date of reinstatement, at the increment rather than the entrance level.
Nor is it relevant that, had petitioner applied to the Civil Service Commission under rule 5.4 (4 NYCRR) for reinstatement at grade level 14 instead of taking the examination for a grade 10 position, that body may have, “for good cause shown and where the interests of government would be served,” reinstated her to her former grade 14 position and thereby entitled her to the benefit of subdivision 4 of section 131 of the Civil Service Law. The fact is that petitioner did not apply to the Civil Service Commission until well after her appointment to the grade 10 position and the Commission’s denial of her application has not been shown to be arbitrary.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.