■ In the Matter of SHELLEY LEVINE, Respondent, v EDWARD V. REGAN, as Comptroller of the State of New York, Appellant, et al., Respondent. — Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered July 8, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Office of Parks, Recreation and Historic Preservation denying petitioner's request that she be paid at a rate reflecting her prior years of service in the same salary grade retroactive to the date of her return to State service.

Petitioner had held various positions in State service between January 1975 and June 1978, when she resigned her position as a grade 5 stenographer with the Department of Social Services. On March 11, 1982, petitioner returned to State service as a provisional grade 5 stenographer with the Department of Health and, in June 1982, was appointed to a like position with the Office of Parks, Recreation and Historic Preservation. Petitioner's salary in the new position was based upon the entry level salary for her position and she was not given credit for her prior service.

When petitioner's request for seniority credit for her prior years of service was denied, she commenced this CPLR article 78 proceeding on October 25, 1982 against the Comptroller of the State of New York and the Commissioner of Parks, Recreation and Historic Preservation. Special Term granted the petition and ordered that petitioner be paid retroactively at a rate reflecting her prior service. This appeal by the Comptroller ensued.

Civil Service Law § 131 (4) does not authorize credit for prior service in computing the salary of individuals who return to State service after an absence of several years. This section provides that, "If *such an employee* is appointed, transferred, or reinstated to a position in the same salary grade, he shall be paid the same salary in the new position as he received in his former position" (emphasis supplied). As we pointed out in *Matter of Nelson v New York State Civ. Serv. Commn.* (96 AD2d 132, *affd* 63 NY2d 802),* a decision handed down subsequent to

---

* While the Court of Appeals affirmed this court's decision in *Matter of Nelson v New York State Civ. Serv. Commn.* (*supra*), it did so on the factual

Special Term's decision being reviewed herein, the reference to "such an employee" clearly refers to an employee previously described and, reading the statute as a whole, it is apparent that the relevant description is in Civil Service Law § 131 (1), which applies to *"[a]n employee holding a position* allocated to one of the salary grades included in section one hundred thirty of this chapter" (emphasis supplied). Here, petitioner was not "[a]n employee holding a position" at the time of her reentry into State service. Accordingly, she is not covered by Civil Service Law § 131 (4).

Next, we reject petitioner's contention that the Attorney-General's opinion in a previous matter (1980 Opns Atty Gen 39) is controlling. For the reasons set forth at length in *Matter of Nelson v New York State Civ. Serv. Commn. (supra)*, this court is not bound by the opinion of the Attorney-General.

In view of our disposition of the statutory construction issue, we need not address the question of whether this proceeding was time barred.

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur.

---

ground that petitioner did not return to State service in the same salary grade as she left, thereby making Civil Service Law § 131 (4) inapplicable.