*244
 
 OPINION OF THE COURT
 

 Ciparick, J.
 

 Judiciary Law § 39 (3) (a) requires a political subdivision, such as respondent Schenectady County (the County), to furnish all "goods, services and facilities” that the State did not assume under the provisions of the Unified Court Budget Act of 1976. On this appeal, we must determine whether the term "facilities” as used in Judiciary Law § 39 (3) (a) includes parking for court employees. For the reasons that follow, we hold that it should be so construed.
 

 To coincide with the completion of a jail on the sites formerly used for parking facilities, the County implemented new rules effective April 12, 1993 governing parking for employees of respondent New York State Unified Court System (Unified Court System) who work in the Schenectady County office building and the judicial building. The new rules eliminated the permit-designated spots on the previously vacant lots adjacent to these County buildings for all employees except for 13 individuals who were employees of the County as of April 1, 1977, the date on which court personnel employed and paid by the local political subdivisions were transferred to a consolidated payroll administered by the State
 
 (see,
 
 Unified Court Budget Act of 1976, L 1976, ch 966 [codified at Judiciary Law § 39]).
 

 Petitioners, Unified Court System employees who have lost their County parking privileges, instituted this CPLR article 78 proceeding for a judgment declaring that respondents violated Judiciary Law § 39 (3) (a) and (6) (a) by failing to continuously provide them with free parking facilities, and enjoining respondents to cease operation of the new parking system and reinstate the former parking permit facilities. Petitioners assert that while they agreed to an interim parking policy to accommodate the construction of the jail, it was understood that this agreement was effective only during the construction period and once the jail was built the former parking permit system would be reinstated. However, petitioners contend that the County reneged on the agreement and, in violation of Judiciary Law § 39, adopted a new, arbitrary and capricious parking system.
 

 Respondents Unified Court System, the Director of Employee Relations of the Office of Court Administration, and the Chief Administrator of the Unified Court System (collectively, the court respondents) agree with petitioners that the County violated the obligation imposed upon it by Judiciary Law § 39
 
 *245
 
 (3) (a) to provide all "goods, services and facilities” furnished by the County prior to enactment of the Unified Court Budget Act. They also assert that since the County provided petitioners with free parking facilities prior to the effective date of the Unified Court Budget Act, Judiciary Law § 39 (3) (a) mandates that the County maintain the same type of facilities for all Unified Court System employees, regardless of their hire date, as this obligation was not expressly assumed by the State under Judiciary Law § 39 (2). The court respondents interposed a cross claim seeking to compel the County to continue providing "free, convenient and accessible parking” to all Unified Court System employees in the County.
 

 The County concedes that the phrase "goods, services and facilities” contained in section 39 (3) (a) includes some form of parking but argues that the real question is for whom such "goods, services and facilities” are intended: the general public or court employees. It is the position of the County that when section 39 is read as a whole, it is apparent that subdivision (3) (a) refers to institutional facilities and services provided as an incidence of court operations, and that matters regarding the employees of the courts are addressed in subdivision (6) (a), which refers to "salaries, wages, hours and other terms and conditions of employment.” The County asserts that under the express language of section 39 (6) (a), the subject employees are only entitled to those "terms and conditions of employment” that were provided "pursuant to any law or contract in effect immediately prior to” the effective date of the Unified Court Budget Act, and because no law or contract granted petitioners free parking in or before 1977, the County is not legally obligated to provide such parking. The County contends that the Rules of the Chief Judge support an interpretation of parking as a term and condition of employment, rather than as a facility, because the rules impart that the term "facilities” refers to court services provided to members of the public who are "court users.”
 

 Supreme Court granted the petition, finding that the "clear mandate of Judiciary Law section 39 (3) (a) is that all goods, services and facilities provided by the County prior to State takeover of the Courts * * * shall continue to be furnished[ ] and suitable additional facilities supplied as the need arises for them.” Supreme Court specifically determined that free, accessible and convenient parking falls within the scope of section 39 (3) (a) and that the April 12, 1993 parking policy violated this provision. The Appellate Division affirmed, with two Jus
 
 *246
 
 tices dissenting
 
 (see, Matter of Drew v Schenectady County,
 
 212 AD2d 177). The County respondents appeal as a matter of right based on the two-Justice dissent, which squarely presents the statutory interpretation question whether parking is a "facility” within the ambit of Judiciary Law § 39 (3) (a)
 
 (see,
 
 CPLR 5601 [a]). We conclude that the employee parking eliminated by the County in 1993 constitutes a court facility that the County was and is obligated to furnish pursuant to Judiciary Law § 39 (3) (a), and therefore affirm the order of the Appellate Division.
 

 When the interpretation of a statute is one of "pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency” and the legal interpretation is ultimately the court’s responsibility
 
 (Kurcsics v Merchants Mut. Ins. Co.,
 
 49 NY2d 451, 459;
 
 see also, Matter of Moran Towing & Transp. Co. v New York State Tax Commn.,
 
 72 NY2d 166, 173). In construing Judiciary Law § 39 (3) (a), as with any statute, we apply the basic rule that "[w]ords of ordinary import in a statute are to be given their usual and commonly understood meaning, unless it is clear from the statutory language that a different meaning was intended”
 
 (We’re Assocs. Co. v Cohen, Stracher & Bloom,
 
 65 NY2d 148, 151).
 

 Judiciary Law § 39 (3) (a) states, in pertinent part, that
 

 "Notwithstanding any other provision of law, all goods, services and facilities presently furnished and paid for by any political subdivision to the courts and court-related agencies * * * not included in that portion of the budget of the political subdivision used in the computation of the amounts set forth in subdivision two of this section, shall continue to be furnished and paid for by the political subdivision. Each political subdivision shall also be responsible for supplying such additional facilities suitable and sufficient for the transaction of business as may become needed after [August 5, 1976].”
 

 Applying the general rules set forth above, the plain language of this subdivision encompasses all court facilities used in and for the operation of the court, which includes parking, a fact even the County acknowledges
 
 (see,
 
 Public Authorities Law § 1676 [25] ["term 'court facilities’ shall mean facili
 
 *247
 
 ties suitable and sufficient for the transaction of businessQ * * * any other necessary or desirable facilities incidental to the operation or administration of the unified court system, fixtures, furnishings or equipment in connection therewith and buildings and improvements used for the foregoing”]). This provision was incorporated in the Unified Court Budget Act to ensure that even though the State assumed control of the court system’s budget, the localities retained responsibility for maintaining all court facilities in their jurisdictions which they previously financed and furnished (see, Judiciary Law § 39 [3] [a]). By implementing a new parking system that eliminated the free parking facilities it previously furnished to petitioners, the County violated the statutory mandate.
 

 It is of no consequence that access to the free parking facilities is incidental to petitioners’ employment. Indeed, it would contradict the express statutory directive of section 39 (3) (a) to construe parking as a right that must have been negotiated as a term or condition of employment under section 39 (6) (a), as propounded by the County. Employee parking must be maintained because it comprises part of the court facilities the County is charged with operating under Judiciary Law § 39 (3) (a), not a contractual right of individual employees.
 

 We are not persuaded by the County’s construction of the term facilities to mean "public” parking for general "court users.” The County’s reliance on Guideline V.8 of the Guidelines for New York State Court Facilities (22 NYCRR 34.0 [V.8]) to support this interpretation is misplaced because this guideline specifically addresses "planning” and "designing” a new courthouse, suggesting that "site layout should, where feasible, take into account parking needs of court users” (see
 
 also,
 
 Public Authorities Law § 1680-c [3]). Whether court users should be construed broadly or not is irrelevant given that until 1993 the County provided free parking facilities to all court employees, including petitioners. By providing such facilities, the County established its continuing obligation under Judiciary Law § 39 (3) (a) to provide the same type of parking facilities to all court employees
 
 (see also,
 
 Judiciary Law § 39-a).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Simons, Titone, Bellacosa and Smith concur; Chief Judge Kaye and Judge Levine taking no part.
 

 Order affirmed, with costs.