■ In the Matter of JOSEPH DUNNE, Respondent, v RAYMOND KELLY, as the Police Commissioner of the City of New York, et al., Appellants. [944 NYS2d 89]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 6, 2011, granting the petition to the extent of declaring that respondents' failure to apply the plain language of Administrative Code of City of NY § 13-249 to the calculation of petitioner's retirement allowance was arbitrary, capricious and contrary to law, and remanding the matter to respondent Board of Trustees for further action, unanimously reversed, on the law, without costs, the judgment vacated, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.

This matter involves the interpretation of Administrative Code § 13-249, which provides that a retired Chief of Department is entitled to a retirement allowance, consisting of both an annuity and a pension, which will effectively make the retirement allowance equal to two thirds of the retiree's salary. Section 13-249 also provides instruction as to the computation of the "annuity portion" of the retirement allowance.

Here, petitioner, a retired Chief of Department of the New York City Police Department, challenges respondent Board of

Trustees' interpretation of Administrative Code § 13-249. He claims that the plain language of the statute entitles him to receive a pension equal to two-thirds of his salary unreduced by any optional modification.

In an article 78 proceeding where the issue is one of pure statutory interpretation, deference to the agency is not required (*see e.g. Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal*, 5 NY3d 303, 312 [2005]). Instead, courts "should attempt to effectuate the intent of the Legislature" and the best evidence of the Legislature's intent is the plain language of the statute (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998] [internal quotation marks omitted]).

We find that under the plain language of Administrative Code § 13-249, in computing only the "annuity portion" of the retirement allowance, a retiring Chief of Department's "accumulated deductions," are not subject to "any decrease resulting from withdrawals, loans, optional modifications" (*id.*). The statute, however, is silent with respect to computations of the "pension" portion of the retirement allowance. Thus, a retiring Chief's ability to receive the full two-thirds retirement allowance may be affected by his choice of options under Administrative Code § 13-261. Pursuant to that section, if any retiree exercises an option to designate a beneficiary to receive a portion of his retirement allowance, then his retirement allowance will be reduced accordingly. There is no discernible exception for those retiring from the position of Chief of Department. Accordingly, there is no fair reading of Administrative Code § 13-249 that leads to the conclusion that the "pension" portion of petitioner's retirement allowance would not be subject to a reduction based on the selection of an option in which a beneficiary is designated under Administrative Code § 13-261. Concur—Tom, J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ.