■ In the Matter of David Gandin, Respondent, v Unified Court System of State of New York et al., Appellants. [23 NYS3d 303]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New

York State Unified Court System and the Office of Court Administration dated July 22, 2013, denying the petitioner's request to receive a salary credit for annual salary increments earned in a former position at the same salary grade, the appeals are from (1) a decision of the Supreme Court, Dutchess County (Brands, J.), dated January 15, 2014, and (2) a judg-

ment of the same court dated March 12, 2014, which, upon the decision, in effect, granted the petition, annulled the determination, and directed the appellants to pay the petitioner a salary reflecting a credit for previously earned annual salary increments, and back pay and benefits retroactive to January 2, 2013.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed, with one bill of costs.

In March 2006, the petitioner commenced employment as a confidential law secretary to an Acting Justice of the Supreme Court, at a salary grade of JG-531. The petitioner resigned from that position in August 2008, at which time his salary grade was JG-531, with his rate of pay reflecting annual salary increments based upon his two years of service. More than four years later, on January 2, 2013, the petitioner returned to the employ of the New York State Unified Court System (hereinafter UCS) and was appointed as a principal law clerk at a hiring rate salary grade of JG-531. Thereafter, the petitioner requested a salary increment credit for the annual salary increments earned during his two years of prior service. In a letter dated July 22, 2013, the petitioner was advised that his request had been denied by UCS and the Office of Court Administration (hereinafter OCA).

The petitioner subsequently commenced this CPLR article 78 proceeding against UCS, OCA, and Hon. A. Gail Prudenti, as Chief Administrative Judge of UCS (hereinafter collectively the appellants), seeking, in effect, to annul the July 22, 2013, determination, and to compel the appellants to pay him a salary reflecting a credit for the annual salary increments earned during his two years of prior service, and back pay and benefits retroactive to January 2, 2013. In a decision dated January 15, 2014, the Supreme Court held that, pursuant to Judiciary Law § 37 (7), the petitioner was entitled to be credited for the annual salary increments earned in his former position at a salary grade of JG-531, and all back pay and benefits retroactive to January 2, 2013. On March 12, 2014, the court entered a judgment which, in effect, granted the petition, annulled the July 22, 2013, determination, and directed relief consistent with the decision. We affirm the judgment.

"An administrative agency's interpretation of the statute it is charged with implementing is entitled to varying degrees of judicial deference depending upon the extent to which the interpretation relies upon the special competence the agency is

presumed to have developed in its administration of the statute" (*Matter of Rosen v Public Empl. Relations Bd.*, 72 NY2d 42, 47 [1988]; *see Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs.*, 71 AD3d 98, 109 [2010]; *Matter of Lippman v Public Empl. Relations Bd.*, 263 AD2d 891, 892 [1999]). However, when the interpretation of a statute is one of " 'pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency' and the legal interpretation is ultimately the court's responsibility" (*Matter of Drew v Schenectady County*, 88 NY2d 242, 246 [1996], quoting *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]; *see Matter of Ador Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d 128, 132 [2005]). Moreover, in attempting to effectuate the intent of the legislature, "the best evidence . . . is the plain language of the statute" (*Matter of Dunne v Kelly*, 95 AD3d 563, 564 [2012]; *see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]).

Here, the relevant statute, Judiciary Law § 37 (7), provides, in pertinent part, as follows: "Appointments, transfers and reinstatements to similar grade positions. *If an employee* is transferred to a similar position, or is appointed or reinstated to a position in the same salary grade . . . [a]n employee so appointed, transferred or reinstated *shall be eligible to receive the increments in the schedule established for the new position based upon the number of [the employee's] years of service in the new position and in [the employee's] former position*" (emphasis added). There is no language in Judiciary Law § 37 which requires that an employee have continuous or uninterrupted employment with the State in order to obtain the salary increment credit authorized thereunder. Thus, a fair reading of the language of Judiciary Law § 37 (7) leads to the conclusion that the petitioner was eligible to receive the appropriate salary increment credit when he was appointed to a position in the same salary grade as that which he held when he was previously employed by UCS (*see Matter of Schwartz v Crosson*, 165 AD2d 147 [1991]; *see also* 1980 Ops Atty Gen 44). The appellants contend that a similar, but not identical, provision set forth in Civil Service Law § 131 (4) has been interpreted to require "continuous service" in order for an employee to be eligible for a salary increment credit (*see e.g. Matter of Levine v Regan*, 109 AD2d 1016 [1985], *affd* 66 NY2d 958 [1985]). However, the Supreme Court properly rejected the appellants' reliance on case law relating to the analogous Civil Service Law statute since this matter was governed by the Judiciary

Law (*see Matter of Nelson v New York State Civ. Serv. Commn.*, 96 AD2d 132 [1983], *affd* 63 NY2d 802 [1984]). Accordingly, the Supreme Court properly, in effect, granted the petition. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.