■ CENTURY 21 A.L.P. REALTY, Respondent, v MARION DOL-LER et al., Defendants, and HELEN BELL, Appellant.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Meehan, J.), entered September 29, 1989 in Rockland County, upon a verdict rendered in favor of plaintiff against defendant Helen Bell.

In this action by plaintiff, a real estate broker, to recover a commission upon the sale of real property in Orange County belonging to defendant Helen Bell (hereinafter defendant), Supreme Court charged that in order for plaintiff to recover it must prove three elements: (1) that it had a valid exclusive agency agreement with defendant, (2) that it performed its part of the agreement, and (3) that defendant agreed to sell the property to the ultimate purchasers prior to the expiration of the exclusive agency agreement. Neither plaintiff nor defendant objected or took exception to the charge. The jury returned a verdict in favor of plaintiff against defendant by answering all three questions on a verdict sheet affirmatively, whereupon judgment in favor of plaintiff in the sum of $17,-500 plus interest and costs was entered. Following the denial of defendant's motion to set the verdict aside, this appeal ensued.

Under an exclusive agency listing, which defendant's brief concedes existed, the owner of the property may, on his own initiative, procure a buyer and sell the property without the requirement to pay a broker's commission. However, if the property is sold through another broker during the listing period, a commission is due to the broker who was given the exclusive agency (see, Solid Waste Inst. v Sanitary Disposal, 120 AD2d 915, 916; Hammond, Kennedy & Co. v Servinational, Inc., 48 AD2d 394, 397).

Defendant has focused her appeal upon the argument that during the exclusive listing period, plaintiff never produced a

buyer ready, willing and able to purchase the property upon her terms. Plaintiff counters by arguing that during the exclusive listing period, defendant accepted an offer from purchasers who were produced by another broker. The issue distills to whether there was sufficient evidence at trial from which the jury could rationally conclude that the purchasers to whom defendant sold the property were procured by another broker before July 2, 1984, the date on which the exclusive listing expired.

There should be an affirmance. We afford great deference to a jury's interpretation of the evidence *(Olszowy v Norton Co.,* 159 AD2d 884, 886, *lv denied* 76 NY2d 704) and findings of fact that are sufficiently supported by credible evidence will not be set aside even though there may be evidence leading to a contrary conclusion *(Halvorsen v Ford Motor Co.,* 132 AD2d 57, 60, *lv denied* 71 NY2d 805). To set aside a jury verdict, it must be demonstrated that the preponderance of the evidence is so greatly opposite to the verdict that the jury could not have reached its conclusion by any fair interpretation of that evidence *(Rowe v Board of Educ.,* 120 AD2d 850, 851, *lv denied* 68 NY2d 609). It is the obligation of the jury to assess credibility of witnesses when it is faced with conflicting evidence *(Olszowy v Norton Co., supra,* at 886). We find that the verdict here was not against the weight of the evidence and was easily reached upon a fair interpretation of the evidence. The agreement itself, taken together with testimony from the witnesses, demonstrated that during the exclusive listing period and while plaintiff was attempting to sell the property, defendant agreed to sell the property to the ultimate purchaser who was produced by another broker.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Yesawich, Jr., Crew III, and Harvey, JJ., concur.