■ DIERKES TRANSPORTATION, INC., Respondent, v GERMANTOWN CENTRAL SCHOOL DISTRICT, Appellant. [742 NYS2d 739] —Lahtinen, J. Appeal from an amended order of the Supreme Court (Connor, J.), entered August 24, 2001 in Columbia County, upon a decision of the court in favor of plaintiff.

Plaintiff, a transportation contractor, brought this breach of contract action against defendant, a public school district, alleging that defendant failed to fully pay plaintiff pursuant to the terms of agreements to provide transportation for two bus routes. Prior to the commencement of the 1998-1999 school year, defendant elicited bids for various bus routes in the school district and plaintiff's bids on two of the routes were accepted. Plaintiff, however, unilaterally decided to combine the two routes and, thus, used one bus and one driver to transport the children from both routes. Ironically, in October 1998, defendant's interim superintendent, Donald Gooley, contacted plaintiff and suggested that the two runs be combined into a single route to conserve funds for defendant. Plaintiff's president, Warren Dierkes, met with Gooley and at the meeting Dierkes failed to inform Gooley that he had previously consolidated the two routes into a single route. Dierkes also insisted at the meeting that defendant continue to pay the full amount of the contracts. Thereafter, Gooley discovered that plaintiff had, in fact, already combined the two bus routes and he sent a letter to plaintiff in November 1998 indicating that such unilateral action compromised the validity of the contracts. Plaintiff responded with a letter from its attorney threatening legal action if defendant decreased plaintiff's compensation. In January 1999, defendant terminated the contracts, asserting material breaches by plaintiff.

Plaintiff commenced the current action, which culminated in

a one day nonjury trial. Supreme Court held that defendant had a "custom and practice" of permitting the combining of routes and, thus, plaintiff's actions did not violate the contracts. The court awarded plaintiff damages and the instant appeal by defendant ensued.

The written terms and conditions of a contract define the rights and obligations of the parties where the language employed is clear and unambiguous (*see, Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 9; *Dryden Cent. School Dist. v Dryden Aquatic Racing Team*, 195 AD2d 790, 793). Here, the bid specifications to which plaintiff agreed provided that "[r]outes may not be modified or altered without the prior written approval of the district." Such language is not ambiguous and plaintiff clearly failed to follow the provision. The specifications further directed that "[t]ransportation shall be provided over the most direct routing to the destination approved by the Board" and that "[t]he pupil miles traveled and pupil time on bus will be a major consideration by the Board." Dierkes' acknowledgment at trial that combining the routes resulted in a route that was not the most direct route reveals yet another breach of clear conditions of the contracts. Plaintiff failed to follow material terms of the agreements and, even after being warned by Gooley that the conduct was unacceptable, he refused to comply with the controlling contractual specifications. Defendant was thus justified in terminating the contracts.

Since the disputed aspects of the contracts did not lack clarity, it was error for Supreme Court to rely upon purported "custom and practice" as a ground to disregard contractual obligations. Moreover, our review of the record under the expansive standard pertaining to nonjury trials (*see, e.g., Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d 539, 540-541, *lv denied* 94 NY2d 760; *Strauf v Ettson Enters.*, 106 AD2d 737, 738) reveals that the credible evidence does not demonstrate that defendant had established a pattern of acquiescing to the combining of bus routes without its permission.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the amended order is reversed, on the law and the facts, with costs, and complaint dismissed.