■ HERITAGE SPRINGS SEWER WORKS, INC., Respondent, v THOMAS BOGHOSIAN et al., Defendants and Third-Party Plaintiffs-Appellants. TOWN OF MILTON, Third-Party Defendant-Respondent. [875 NYS2d 635]—

Stein, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered July 31, 2007 in Saratoga County, which granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered March 10, 2008 in Saratoga County, which, among other things, granted third-party defendant's motion to dismiss the third-party complaint.

In 1987, the Town of Milton, Saratoga County consented to the incorporation of plaintiff as a sewage-works corporation in accordance with Transportation Corporations Law § 116. Since that time, plaintiff's initial authority to provide sewage disposal services in the town to a 40-acre planned development district has been expanded to allow it to service a larger area.

In 1998, plaintiff entered into an agreement with defendants whereby plaintiff—in exchange for the payment of a minimum of $150,000[1] —would provide sanitary sewer service to the Old Mill Town Planned Development District, which was being constructed on a parcel of land owned by defendants within the town. The agreement authorized plaintiff to, among other things, inspect the construction and installation of the development's sewer-related components. Three days prior to the date on which defendants' final payment was due, there was still an unpaid balance of $97,875, prompting plaintiff to make a written demand for full payment thereof. Neither that demand, nor a second demand three months later, resulted in any remuneration from defendants. Consequently, plaintiff commenced this action seeking a declaratory judgment that defendants' failure to pay, as well as their refusal to allow plaintiff to perform authorized inspections, constituted a material breach of the agreement. Plaintiff also sought a declaration that it was "no longer obligated to provide reserve capacity or new hookups to the sanitary sewer system for [d]efendants, their successors or assigns," as well as an award of reasonable counsel fees.

In their answer, defendants interposed numerous affirmative defenses and counterclaims including, among other things, that plaintiff was not a validly authorized sewage-works corporation

---

1. Such payment constituted an aggregate connection fee for 100 units (as defined by the agreement) and consisted of a $37,500 down payment, plus payments on the $112,500 balance according to a specifically defined schedule, with the entire balance being due no later than September 9, 2005.

under the Transportation Corporations Law, that defendants were fraudulently induced into entering into the agreement with plaintiff and that plaintiff was liable for trespass. Defendants thereafter commenced a third-party action against the Town seeking indemnification or contribution for any potential liability resulting from plaintiff's complaint against them, and a declaratory judgment setting forth the Town's failure to discharge certain statutory obligations under the Transportation Corporations Law.

Meanwhile, plaintiff moved for summary judgment—said motion being filed prior to, but decided after, commencement of the third-party action. By order entered July 31, 2007, Supreme Court partially granted said motion to the extent of dismissing all of defendants' counterclaims and affirmative defenses, with the exception of defendants' counterclaim for trespass, and the Court granted plaintiff's request for a declaratory judgment that the contract was terminated and that plaintiff was no longer obligated to provide defendants with new hookups to its sanitary sewer system. Defendants thereafter moved for clarification of Supreme Court's order and for an order compelling both plaintiff and the Town to disclose, among other things, "[a]ll documents concerning the rates and charges agreed to between [p]laintiff and the Town." Plaintiff cross-moved for summary judgment dismissing defendants' trespass counterclaim and, inasmuch as Supreme Court's prior order did not address the issue, reiterated its request for an award of counsel fees. The Town also moved for summary judgment dismissing the third-party complaint against it. Supreme Court denied defendants' motion for clarification, granted plaintiff's cross motion for summary judgment dismissing the trespass counterclaim, directed plaintiff to submit an affidavit and proposed order relative to its request for counsel fees, granted the Town's motion for summary judgment dismissing the third-party complaint against it, and declared defendants' motion to compel discovery moot. These consolidated appeals ensued, wherein defendants challenge Supreme Court's initial award of summary judgment to plaintiff, as well as its subsequent decision resolving the parties' succeeding motions.

In support of its summary judgment motion, plaintiff submitted a copy of the parties' agreement, which clearly enunciated defendants' obligation to pay the entire outstanding balance by September 9, 2005. Plaintiff's president also averred that, notwithstanding multiple requests for payment and plaintiff's own adherence to the terms of the contract, defendants failed to pay the full amount due. Because the written terms and condi-

tions of a contract—where the language employed is clear and unambiguous—define the rights and obligations of the parties (*see Dierkes Transp. v Germantown Cent. School Dist.*, 295 AD2d 683, 684 [2002]), plaintiff established its prima facie entitlement to summary judgment (*see Cranesville Block Co., Inc. v Spring Apts., LLC*, 53 AD3d 998, 1001 [2008], *lv denied* 11 NY3d 711 [2008]), thereby "shifting the burden to [defendants] to raise a question of fact requiring a trial" (*Lynch v Liberty Mut. Fire Ins. Co.*, 58 AD3d 939, 940 [2009]).

Initially, we find no merit to defendants' contention that an issue of fact exists as to whether plaintiff's president, Gordon Nicholson, fraudulently induced them into entering into the agreement. Defendants' assertion that they considered plaintiff as Old Mill Town's sewer service provider only after being prodded to do so by Nicholson due to alleged representations regarding the system's limited capacity is belied by documentary evidence in the record. Indeed, defendants' site plan application, submitted to the Town in 1996—before their association with Nicholson—indicates their intention to utilize plaintiff's services. Moreover, Nicholson's allegedly contradictory testimony regarding the system's capacity followed plaintiff's elimination of a bottleneck problem some 10 years later at a substantial cost. Thus, defendants' counterclaims for rescission of the contract on the basis of fraud and/or fraudulent inducement were properly dismissed.

Nor do we find merit to defendants' argument that the agreement with respect to connection fees was not enforceable because plaintiff was not an authorized sewage-works corporation under the Transportation Corporations Law. It is undisputed that plaintiff's initial formation and authorization was proper and the record reflects the Town's multiple consents to plaintiff's requests to both extend its operating agreement with the Town and to expand its service territory. While plaintiff and/or the Town may have subsequently failed to comply with the Transportation Corporations Law in other respects, we find no basis to conclude that plaintiff's operation is deemed unauthorized by reason of such failures. Thus, defendants' counterclaim requesting a declaration that plaintiff is not a valid sewage-works corporation was properly dismissed.[2]

However, Transportation Corporations Law § 121 requires a

---

2. We note that Supreme Court's July 2007 decision and order granted plaintiff's summary judgment motion on the sole basis that defendants' failure to pay the balance due on the contract constituted a material breach, and it did not explicitly address defendants' arguments based upon fraud or violations of the Transportation Corporations Law.

sewage-works corporation to provide sewer services at "fair, reasonable and adequate rates agreed to between the corporation and the local governing body." Defendants contend that the connection fee charged by plaintiff is a rate and that the Town's approval of such fee was therefore required, but was not obtained. While the Transportation Corporations Law does not define what constitutes a rate, we note that the purpose of regulating the rates of a private sewer company—to ensure reasonable public access to a service customarily provided by a municipality—applies equally to connection fees as to usage rates. Therefore, we agree with, and give deference to, an opinion of the Attorney General that, absent approval of such connection fees by the municipality, the amount charged by the sewer company must be reasonable (*see* 1977 Atty Gen [Inf Ops] 117; *Matter of Nelson v New York State Civ. Serv. Commn.*, 96 AD2d 132, 134 [1983], *affd* 63 NY2d 802 [1984]).

Here, since there is no record evidence that the Town approved the connection fee,[3] a determination of whether the provision of the agreement requiring the payment of such fees is enforceable—and, accordingly, whether defendants are in material breach thereof—depends on whether the fees were reasonable. This, in turn, requires financial information—regarding, among other things, plaintiff's costs—which is in plaintiff's exclusive control. Defendants have therefore demonstrated the existence of a triable issue of fact precluding summary judgment to plaintiff and they should have been permitted to conduct appropriate discovery. In light of this conclusion, defendants' motion to clarify is rendered academic and Supreme Court's determination that plaintiff is entitled to an award of counsel fees was premature.

We are unpersuaded that a triable issue of fact exists with regard to the trespass counterclaim. Notably, as plaintiff demonstrated that defendants were on notice of plaintiff's construction of the sewer infrastructure as of 1996, the statute of limitations ran at the latest by 2006 (*see generally Stefanis v Town of Middletown*, 56 AD3d 980, 980 [2008]). Plaintiff also demonstrated with documentary evidence that it had a prescriptive easement to maintain the subject sewer infrastructure on defendants' property by March 2002 (*see generally Lew Beach Co. v Carlson*, 57 AD3d 1153, 1154 [2008]). Further, inasmuch as the agreement contemplated easements for plaintiff within

---

**3.** In fact, the Town Supervisor and Commissioner for the Saratoga County Sewer District No. 1 during the relevant time indicates in his affidavit that the Town was aware of the charges, but did not believe that its approval was required.

Old Mill Town as well as for "adjoining lands," any use by plaintiff was permissive. Thus, Supreme Court properly dismissed defendants' counterclaim for trespass.

We perceive no error in Supreme Court's dismissal of defendants' third-party action against the Town.[4] The Transportation Corporations Law does not provide a private right of action and no contractual, statutory or common-law right of indemnification exists premised on the Town's alleged failure to ensure plaintiff's compliance with that law. Nor, under the circumstances here, is a declaratory judgment action appropriate (*see* CPLR 3001; *see generally* Siegel, NY Prac §§ 436-437, at 738-741 [4th ed]).[5]

Mercure, J.P., Peters, Kane and Malone Jr., JJ., concur. Ordered that the order entered July 31, 2007 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment declaring that the contract was terminated and that plaintiff was no longer obligated to provide defendants with new hookups to its sanitary sewer system; plaintiff's motion denied to said extent; and, as so modified, affirmed.

Ordered that the order entered March 10, 2008 is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to compel discovery and as awarded counsel fees; defendants' motion to compel discovery granted; and, as so modified, affirmed.

**4.** While the basis for Supreme Court's decision is not clear, our independent examination of that action leads us to conclude that dismissal was appropriate.

**5.** We decline to exercise our authority to convert the action to a CPLR article 78 proceeding (*see* CPLR 103 [c]) in view of the Town's uncontroverted contention that defendants have failed to exhaust their administrative remedies.