■ ROBERT COHN ASSOCIATES, INC., Doing Business as CB RICHARD ELLIS-ALBANY, Respondent, v MARTIN KOSICH et al., Appellants. [881 NYS2d 235]—

Kavanagh, J. Appeal from an order of the Supreme Court (Platkin, J.), entered April 11, 2008 in Albany County, which granted plaintiff's motion for summary judgment.

By a written agreement dated April 17, 2006, plaintiff and defendant Martin Kosich, as the owner of defendant 855 Central Ave., LLC, agreed that plaintiff would act as the exclusive real estate broker with respect to the sale or lease of a multi-tenant commercial building located at 845, 855 and 875 Central Avenue in the City of Albany, known as defendant West Mall Office Center, LLC.[1] The agreement provided that plaintiff would serve as the exclusive broker for the property for a one-year period and that if the property were leased or sold during that period, plaintiff would receive a commission. In accordance with its obligations under the contract, plaintiff produced a net operating income statement based upon the existing tenants' rent rolls for the purposes of marketing the property. It also prepared and published marketing materials, listed the property for sale and lease in real estate databases and showed the property to prospective purchasers.[2]

In September 2006, defendants informed plaintiff, by letter through their counsel, that the contract was "hereby cancelled immediately." Three months later, defendants entered into a contract to sell the property for $5,250,000 to a purchaser procured by another licensed real estate broker, Charles Carrow. Upon the closing of that sale, Carrow received a real estate commission as a result of the sale of the property. Plaintiff com-

1. The titled owner of West Mall Office Center, LLC is 855 Central Ave., LLC.
2. Plaintiff procured at least one offer to purchase the property, which was rejected by defendants.

menced this action to recover the commission it claims it is owed under the exclusive listing agreement it had with defendants. After defendants served an answer to the complaint, plaintiff moved for summary judgment. Supreme Court granted plaintiff's motion, and awarded plaintiff a judgment in the amount of $118,125—2.25% of the purchase price[3]—as well as interest and counsel fees, as provided for in the contract. Defendants now appeal.

We affirm. The listing agreement as signed by both Jonathan Eklind, on behalf of plaintiff, and Kosich expressly provides that plaintiff was the exclusive listing agent for the property for a one-year period beginning on April 17, 2006 and set forth the rate of the commission that plaintiff would receive upon the sale of the property (*see generally Joseph P. Day Realty Corp. v Chera*, 308 AD2d 148, 150 [2003]). A contract for sale of the property was executed during the listing period and the property was, in fact, sold pursuant to that contract. Therefore, plaintiff established its prima facie entitlement to a commission based upon the price paid for the property under the exclusive listing agreement it had with defendants (*see Century 21 A.L.P. Realty v Doller*, 170 AD2d 941, 942 [1991]; *see generally Heritage Springs Sewer Works, Inc. v Boghosian*, 61 AD3d 1038, 1040-1041 [2009]).

In response, defendants have failed to raise any triable issue of fact that would warrant denial of plaintiff's motion for summary judgment (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Heritage Springs Sewer Works, Inc. v Boghosian*, 61 AD3d at 1040-1041). For example, defendants claim that they had the right to unilaterally terminate the contract as a result of plaintiff's material breach of its contractual obligations and, therefore, plaintiff was not entitled to a commission as a result of the sale of the property. However, a "party's obligation to perform under a contract is only excused where the other party's breach of the contract is so substantial that it defeats the object of the parties in making the contract" (*Frank Felix Assoc., Ltd. v Austin Drugs, Inc.*, 111 F3d 284, 289 [1997]). In support of their assertion that plaintiff was in material breach of its obligations under the contract, defendants claim that plaintiff did not sufficiently advertise and market the

---

**3.** The contract provided for plaintiff to be paid a 4% commission unless another broker was involved in the purchase, in which case plaintiff would receive 2.25% commission, and the other broker would be paid a 1.75% commission. Given Carrow's involvement, plaintiff does not argue that it was entitled to the full 4% commission on the sale of the property and, therefore, only 2.25% was awarded by Supreme Court.

property, it made significant errors in the data provided to the multiple listing service describing the property, and it refused to communicate with defendants other than by certified mail during the contract period. Even if true, none of these claims would constitute conduct that would serve to defeat the very purpose of the parties entering into the contractual arrangement, or would "justify defendants' premature termination" of the contract (*M.J. Raynes Inc. v Pepitone Realty Corp.*, 152 AD2d 492, 493 [1989]; *see Cassetta Frank, Inc. v P.G.C. Assoc.*, 264 AD2d 375, 376-377 [1999]; *compare Dierkes Transp. v Germantown Cent. School Dist.*, 295 AD2d 683, 684 [2002]).

We also note that, in response to defendants' complaints about its performance under the contract, plaintiff produced testimony wherein Kosich acknowledged communicating with plaintiff by telephone regarding the sale of the property and specifically denied ever being informed by plaintiff or its authorized representative that plaintiff would only communicate with defendants by certified mail. Further, the errors that defendants claim existed in the descriptions given by plaintiff of the property to the multiple listing database were corrected by plaintiff soon after they were discovered and, more importantly, the record reveals that plaintiff, contrary to defendants' contention, did make an earnest effort to market the property showing it to a number of perspective buyers during the listing period. While defendants were undoubtedly not satisfied with plaintiff's efforts as their listing broker, the allegations regarding plaintiff's failure to honor its obligations under their agreement, even if accepted at face value, would not constitute a material breach of its obligations under the contract. As a result, on the facts presented, defendants were not entitled to unilaterally terminate their contractual arrangement with plaintiff and they have failed to establish the existence of a triable issue of fact that would require a denial of plaintiff's motion for summary judgment. Therefore, Supreme Court's order granting plaintiff's motion should be affirmed.

Defendants' remaining contentions have been reviewed and found to be lacking in merit.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.