■ EL-AD 250 WEST LLC, Respondent, v 30 HUBERT STREET LLC, Appellant. [891 NYS2d 11]—

Judgment, Supreme Court, New York County (Charles E.

Ramos, J.), entered February 26, 2009, declaring that defendant is in default under the parties' purchase and sale agreement and that plaintiff properly terminated the agreement and is entitled to receive the escrowed deposit, and dismissing defendant's first counterclaim, unanimously affirmed, with costs.

Under the circumstances, defendant's notice to cure, delivered to plaintiff one day before the time-of-the-essence closing date, was insufficient to place plaintiff in actionable default under the purchase and sale agreement, which provided the purchaser with a remedy for default by the seller where "such default shall continue for ten (10) days after notice to Seller" (section 15.2). Defendant's subsequent failure to appear at the scheduled closing, at which plaintiff appeared ready, willing and able to close, constituted "Purchaser Default," for which plaintiff's sole remedy "shall be to terminate this Agreement and, upon such termination, Seller shall be entitled to retain the Deposit (and any interest earned thereon) as liquidated damages" (section 15.1).

We note also that by continuing to perform under the agreement without giving plaintiff notice of alleged defaults, defendant could not thereafter elect to terminate the agreement "for a default which apparently it chose to disregard as a ground for termination of the contract" (*see Emigrant Indus. Sav. Bank v Willow Bldrs.*, 290 NY 133, 144 [1943]).

Defendant's defense based upon the implied covenant of good faith and fair dealing constitutes "an invalid substitute for its nonviable breach of contract claim" (*Phoenix Capital Invs. LLC v Ellington Mgt. Group, L.L.C.*, 51 AD3d 549, 550 [2008]). Concur—Gonzalez, P.J., Saxe, McGuire, Acosta and Roman, JJ. **[Prior Case History: 23 Misc 3d 1101(A), 2009 NY Slip Op 50528(U).]**