■ BLACKSTONE ADVISORY PARTNERS L.P., Respondent, v VINOD GUPTA, Appellant. [993 NYS2d 696]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered March 27, 2014, awarding plaintiff $8,737,514.46, unanimously affirmed, with costs. Appeal from order (same court and Justice), entered on or about December 10, 2013, which granted plaintiff's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Contrary to defendant's claim, the 2008 amendment to the parties' 2007 contract is not ambiguous (*see RM Realty Holdings Corp. v Moore*, 64 AD3d 434, 436 [1st Dept 2009]). The only reasonable interpretation is that the acquisition of nonparty InfoGroup, Inc. was a "Transaction" pursuant to the terms of the amendment, which defines transaction as "the acquisition . . . by any party (other than the [defendant]) . . . of a significant portion of [InfoGroup's] voting securities." Defendant's proposed interpretation improperly seeks to add words to the amendment (*see Riverside S. Planning Corp. v CRP/ Extell Riverside, L.P.*, 13 NY3d 398, 404 [2009]).

Defendant failed to raise a triable issue of fact as to whether plaintiff materially breached the parties' contract, such that he was excused from paying it the agreed upon fee (*see Robert Cohn Assoc., Inc. v Kosich*, 63 AD3d 1388, 1389-1390 [3d Dept 2009]). Neither plaintiff's refusal to be named in a March 2009 press release that defendant planned to issue, nor its alleged prejudice against him, "substantially defeated the parties' objective in contracting" (*Awards.com v Kinko's, Inc.*, 42 AD3d 178, 187 [1st Dept 2007], *affd* 14 NY3d 791 [2010]).

Even assuming that an issue of fact was raised regarding plaintiff's refusal to be named in the planned press release, defendant cannot rely on the refusal to avoid his obligations under the contract since he did not terminate the contract based on the alleged breach (*see Awards.com*, 42 AD3d at 188; *see also*

*El-Ad 250 W. LLC v 30 Hubert St. LLC*, 67 AD3d 520, 521 [1st Dept 2009]).

We do not reach defendant's argument regarding his affirmative defense of breach of the implied covenant of good faith and fair dealing, improperly raised for the first time in his appellate reply brief (*JPMorgan Chase Bank, N.A. v Luxor Capital, LLC*, 101 AD3d 575, 576 [1st Dept 2012]). Concur—Gonzalez, P.J., Saxe, Richter, Feinman and Kapnick, JJ.