*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 16, 2015                    520435
_____

In the Matter of the
    Dissolution of ONGWEOWEH
    CORPORATION.

DANIEL F. BONAMIE,                          MEMORANDUM AND ORDER
                    Appellant;

ONGWEOWEH CORPORATION,
                    Respondent.
_____

Calendar Date:  May 26, 2015

Before:  Lahtinen, J.P., McCarthy, Rose and Clark, JJ.

                    _____


        Hinman, Howard & Kattell, LLP, Binghamton (James S. Gleason
of counsel), for appellant.

        Harris Beach, PLLC, Pittsford (Douglas A. Foss of counsel),
for respondent.

                    _____


Lahtinen, J.P.

        Appeal from an order and judgment of the Supreme Court
(Mulvey, J.), entered November 13, 2014 and November 24, 2014 in
Tompkins County, which, in a proceeding pursuant to Business
Corporation Law article 11, granted respondent's motion for,
among other things, summary judgment dismissing the proceeding.

        Respondent is a closely held corporation in which, as of
late 2012, petitioner owned 38 shares, his father owned 37 shares
and his step-sister owned the remaining 25 shares.  Petitioner's
employment with respondent was terminated in February 2014.  A
detailed shareholders' agreement provided, in relevant part, that

respondent would purchase all shares of a shareholder whose employment was terminated, and the agreement set forth different valuation methods depending on whether the termination was "[f]or [c]ause" (section 3.1) or "[i]nvoluntary" (section 3.2), with the latter involving a higher valuation method. Both petitioner and respondent initially looked to section 3.2, but did not agree as to the value under that section. In May 2014, respondent's counsel notified petitioner's counsel via letter that respondent had just discovered activities in which petitioner had engaged while president of the corporation that justified for-cause termination and, thus, valuing his stock under the lower method set forth in section 3.1. Petitioner responded, in June 2014, by commencing this proceeding seeking judicial dissolution of respondent pursuant to Business Corporation Law § 1104-a, alleging that he was an oppressed shareholder. In July 2014, respondent acknowledged that it had erred in asserting section 3.1 valuation and agreed that the valuation should be calculated pursuant to section 3.2. It then answered the petition for dissolution, obtained an order extending the time to exercise its purchase rights under Business Corporation Law § 1118 in the event that the dissolution proceeding continued, and moved by order to show cause for summary judgment dismissing the proceeding and directing the buyout pursuant to the shareholders' agreement. Supreme Court granted respondent's motion and petitioner now appeals.

The issues as framed by petitioner on appeal are narrow. Petitioner argues that respondent's May 2014 letter constituted a material breach of the shareholders' agreement and that, accordingly, the provisions thereof no longer controlled valuation. "The written terms and conditions of a contract define the rights and obligations of the parties" (Dierkes Transp. v Germantown Cent. School Dist., 295 AD2d 683, 684 [2002] [citations ommitted]), and a breach thereof is material if it is "so substantial that it defeats the object of the parties in making the contract" (Robert Cohn Assoc., Inc. v Kosich, 63 AD3d 1388, 1389 [2009] [internal quotation marks and citation omitted]; accord Accadia Site Contr., Inc. v Erie County Water Auth., 115 AD3d 1351, 1353 [2014]; Fitzpatrick v Animal Care Hosp., PLLC, 104 AD3d 1078, 1081 n 4 [2013]). In the months immediately after petitioner was terminated by respondent, the

parties disputed the amount that petitioner was to receive under the agreement and, as reflected by the (later retracted) letter of May 2014, disagreed about which provision of the agreement applied.  However, respondent did not indicate that it would not adhere to a method of valuation set forth in the agreement or that it did not intend to pay petitioner under the agreement.  We agree with Supreme Court that, essentially, negotiations transpired as to which provisions applied and this did not constitute a material breach of the agreement.  We further note that, under the relevant language of the agreement, petitioner's commencement of this proceeding would also trigger the forced-buyout provisions of the agreement (see Matter of El-Roh Realty Corp., 48 AD3d 1190, 1191 [2008]).  The parties do not dispute on appeal that, if the agreement applies, then the sections thereof set forth by Supreme Court are the appropriate ones for determining value and, thus, we do not address such issue. The remaining arguments are unavailing.

McCarthy, Rose and Clark, JJ., concur.


ORDERED that the order and judgment are affirmed, with costs.


ENTER:


Robert D. Mayberger
Clerk of the Court