*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    520437
_____

CATLYN & DERZEE, INC.,

                    Appellant,

          v                              MEMORANDUM AND ORDER

AMEDORE LAND DEVELOPERS, LLC,
     et al.,

                    Respondents.
_____

Calendar Date:  September 17, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

_____

          Lemery Greisler, LLC, Albany (Paul A. Levine of counsel),
for appellant.

          O'Connell & Aronowitz, PC, Albany (Paul A. Feigenbaum of
counsel), for respondents.

_____

Peters, P.J.

          Appeal from an order of the Supreme Court (McNamara, J.),
entered March 31, 2014 in Albany County, which, among other
things, denied plaintiff's motion for partial summary judgment.

          In February 2008, defendant Amedore Land Developers, LLC
entered into a contract with plaintiff for the purchase of an
approximately 21-acre parcel of undeveloped real property located
in the Town of North Greenbush, Rensselaer County.[1]  Such parcel

_____

          [1]  This parcel was part of a larger 52.97-acre tract owned
by plaintiff, who planned on developing the remainder for
commercial use.

had been rezoned as a planned development district by Local Law No. 8 (2007) of the Town of North Greenbush, which permitted the development of 180 multi-family residential units to be situated within 20 buildings. Paragraph 2 of the contract provided that "[t]he purchase price is $15,000 per multi-family unit approved by the Town of North Greenbush and all necessary governmental agencies, . . . with an anticipated purchase price of . . . $2,700,000." The contract further provided, in paragraph 13 (A) (2), that certain costs incurred by Amedore in obtaining the remaining necessary governmental approvals for the development would be credited from the purchase price at closing, so long as the invoices for such costs were supplied to plaintiff at least five days prior to the payment of the invoice.

By February 2010, Amedore had succeeded in obtaining all the necessary approvals for the construction of the 180 residential units authorized by Local Law No. 8. On May 25, 2010, the parties executed an amendment to the contract which, among other things, altered the provisions regarding the purchase price and credit for costs incurred in obtaining governmental approvals.[2] As relevant here, such amendment specifically provided that "[t]he purchase price referenced in [p]aragraph 2 [of the contract] shall be reduced to . . . $2,520,000.00." It also required that Amedore provide plaintiff with invoices to support a $210,000 credit against the purchase price pursuant to paragraph 13 (A) (2) of the contract. The parties closed on the property that same day, with plaintiff tendering the deed for the premises in exchange for the gross sum of $2,310,000, representing the $2,520,000 purchase price less the $210,000 credit authorized by paragraph 13 (A) (2).

Approximately two years later, defendants successfully applied to the Town Board of the Town of North Greenbush to amend Local Law No. 8 to increase the allowable number of multi-family residential units within the residential portion of the planned development district from 180 to 224. Plaintiff thereafter

_____

[2] The parties also agreed that defendant Van Allen Apartments, LLC, a limited liability company formed by Amedore, would be the grantee of the property.

demanded compensation in the amount of $15,000 for each of the additional 44 units approved.  When defendants refused, plaintiff commenced this action seeking, among other things, monetary damages for breach of contract and a declaration that it is no longer obligated to perform its remaining obligations under the contract as a result of defendants' breach.  Defendants joined issue and counterclaimed for a judgment declaring that the contract has not been breached and setting forth plaintiff's continuing obligations thereunder.

Thereafter, plaintiff moved for summary judgment on its causes of action for breach of contract and declaratory judgment and sought dismissal of the counterclaim.  Defendants opposed the motion and cross-moved for summary judgment on their counterclaim.  Supreme Court, among other things, searched the record and granted defendants summary judgment dismissing the cause of action for breach of the purchase price provision, found that questions of fact existed as to whether defendants were contractually entitled to the credits claimed at closing, and declared that any breach of the contract's cost reimbursement provision is insufficient to relieve plaintiff of its obligations under the contract.  Plaintiff appeals.

"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent[, and t]he best evidence of what parties to a written agreement intend is what they say in their writing" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002] [internal quotation marks and citations omitted]; see Ellington v EMI Music, Inc., 24 NY3d 239, 244-245 [2014]; Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [2013]).  As such, "'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009], quoting Greenfield v Philles Records, 98 NY2d at 569; see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]).  Further, we "may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" (Bailey v Fish & Neave, 8 NY3d 523, 528 [2007] [internal quotation marks and citations omitted]; accord Beardslee v

Inflection Energy, LLC, 25 NY3d 150, 157 [2015]; see NML Capital v Republic of Argentina, 17 NY3d 250, 259-260 [2011]). Adherence to these principles is "particularly important in the context of real property transactions, where commercial certainty is a paramount concern, and where . . . the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length" (South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 277 [2005] [internal quotation marks and citations omitted]; accord Concord Assoc., L.P. v EPT Concord, LLC, 130 AD3d 1404, 1407-1408 [2015]; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]).

Guided by these precepts, we address plaintiff's contention that Supreme Court erred in dismissing its cause of action for breach of the purchase price provision of the contract. Plaintiff argues that the amendment simply changed the "anticipated purchase price" set forth in the contract while leaving intact the $15,000 per unit formula for determining the "purchase price," such that defendants were obligated to compensate it for the 44 units that were subsequently approved by the Town years after the closing.[3] Such an interpretation, however, is not supported by the language of the amendment. The amendment makes no mention of the "anticipated purchase price" — a figure that was originally arrived at based upon the expectation that 180 units would ultimately be approved at the time of closing. Rather, the amendment expressly references the contract's "purchase price" — which is expressly defined in the contract as $15,000 per multi-family unit approved by the Town and all necessary governmental agencies — and specifies that such "purchase price" is being changed to $2,520,000. The amendment, therefore, plainly and unambiguously modified the purchase price of the property from a per-unit cost to a fixed price. Indeed, when consideration is given to the entire contract and "the circumstances under which [the amendment] was executed" (Currier,

_____

[3] We note that the doctrine of merger is inapplicable here, as the contract expressly provides that all representations, covenants and promises contained therein would survive the transfer of title (see generally Stollsteimer v Kohler, 77 AD3d 1259, 1260 [2010]; Arnold v Wilkins, 61 AD3d 1236, 1236 [2009]).

McCabe & Assoc., Inc. v Maher, 75 AD3d 889, 890-891 [2010]
[internal quotation marks and citation omitted]), it would be
illogical to read the amendment as merely modifying the
"anticipated purchase price," since the amendment was executed on
the day of the closing when the 180 units had, in fact, already
been approved. Since the "'only reasonable interpretation'" of
the amendment is that the parties abandoned a per unit purchase
price (id. at 892, quoting B.T.R. E. Greenbush v General Acc.
Co., 206 AD2d 791, 792 [1994], lv denied 84 NY2d 808 [1994]),
Supreme Court properly dismissed plaintiff's cause of action for
breach of the contract's purchase price provision.

We turn next to plaintiff's claim that defendants breached
the contract's cost reimbursement provision. It is undisputed
that defendants failed to provide plaintiff with invoices for the
costs incurred in procuring the necessary government approvals
within five business days of paying such invoices, as required by
paragraph 13 (A) (2) of the contract. In amending the contract
on the date of closing, however, the parties agreed that
defendants would furnish plaintiff with the invoices to support
the $210,000 credit claimed. In our view, this clause of the
amendment authorizing the subsequent submission of invoices
unambiguously supplanted the inconsistent provision of the
original contract requiring submission of such invoices prior to
payment (see generally British Am. Dev. Corp. v Schodack Exit
Ten, LLC, 83 AD3d 1247, 1249 [2011]; Benipal v Herath, 251 AD2d
933, 934 [1998]). Moreover, even were we to find an ambiguity,
the extrinsic evidence submitted on the motions fully supports
the conclusion that, in amending the contract, the parties
intended to eliminate the prior submission requirement.

Nevertheless, a question of fact exists as to defendants'
entitlement to the entirety of the $210,000 credit. More than
$50,000 of the claimed credit was for the payroll costs of an
employee of Amedore who was involved in obtaining the
governmental approvals for the property. Although the contract
lists five categories of allowable expenses, all of which consist
of fees that, by their nature, would generally be paid to third
parties, it specifically provides that the creditable costs "are
not limited to" those specifically listed. As the parties
expressed a general intent to reimburse defendants for the costs

of obtaining governmental approvals and the list of allowable expenses was not meant to be exhaustive, we agree with Supreme Court that a question of fact remains as to whether payroll costs fall within the scope of the permissible expenses (see generally Red Hook Cold Stor. Co. v Department of Labor of State of N.Y., 295 NY 1, 8 [1945]; Helvering v Morgan's Inc., 293 US 121, 124-125 [1934]).

Finally, plaintiff was not entitled to a declaration that it was relieved of all outstanding obligations under the contract. "[A] party's obligation to perform under a contract is only excused where the other party's breach of the contract is so substantial that it defeats the object of the parties in making the contract" (Robert Cohn Assoc., Inc. v Kosich, 63 AD3d 1388, 1389 [2009] [internal quotation marks and citation omitted]; accord Matter of Ongweoweh Corp., 130 AD3d 1291, 1292 [2015]; Fitzpatrick v Animal Care Hosp., PLLC, 104 AD3d 1078, 1081 n 4 [2013]). Having determined that the fixed purchase price set forth in the amendment supplanted the per unit pricing scheme set forth in the original contract, defendants' refusal to compensate plaintiff for the additional approved units did not constitute a breach of the contract. Further, even if defendants are ultimately found to have breached the cost reimbursement provision, such conduct would not serve to defeat the very purpose of the parties in entering into the contract so as to justify its termination (see Blackstone Advisory Partners L.P. v Gupta, 121 AD3d 411, 411 [2014], lv denied 25 NY3d 908 [2015]; Accadia Site Contr., Inc. v Erie County Water Auth., 115 AD3d 1351, 1353 [2014]; Robert Cohn Assoc., Inc. v Kosich, 63 AD3d at 1389-1390; compare Awards.com v Kinko's, Inc., 42 AD3d 178, 187 [2007], affd 14 NY3d 791 [2010]).

McCarthy, Garry and Rose, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court