Catlyn & Derzee, Inc. v Amedore Land Developers, LLC (2018 NY Slip Op 07392)





Catlyn & Derzee, Inc. v Amedore Land Developers, LLC


2018 NY Slip Op 07392


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

526238

[*1]CATLYN & DERZEE, INC., Appellant,
v
AMEDORE LAND DEVELOPERS, LLC, et al., Respondents.

Calendar Date: September 6, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Pritzker, JJ.


Lemery Griesler LLC, Albany (Peter M. Damin of counsel), for appellant.
O'Connell & Aronowitz, Albany (Paul A. Feigenbaum of counsel), for respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Weinstein, J.), entered April 13, 2017 in Albany County, which, among other things, granted defendants' cross motion for partial summary judgment.
The underlying facts of this matter are fully set forth in a prior decision of this Court (132 AD3d 1202 [2015]). Briefly, defendant Amedore Land Developers, LLC entered into a contract with plaintiff for the purchase of an approximately 21-acre parcel of undeveloped land located in the Town of North Greenbush, Rensselaer County. The parcel had been rezoned as a planned development district by Local Law No. 8 (2007) of the Town of North Greenbush, which permitted the development of 180 multifamily residential units to be situated within 20 buildings. The contract provided that "[t]he purchase price is $15,000 per multi-family unit approved by the Town of North Greenbush and all the necessary government agencies, . . . with an anticipated total purchase price of . . . $2,700,000." The contract further provided, in paragraph 13 (A) (2), that certain costs incurred by Amedore in obtaining the remaining necessary governmental approvals for the development would be credited from the purchase price at closing, so long as the invoices for such costs were supplied to plaintiff at least five days prior to the payment of the invoice. On the day of the closing, the parties executed an amendment to the contract that specified that the purchase price set forth in the contract "shall be reduced to . . . $2,520,000." The amendment also required that Amedore provide plaintiff with invoices to support a $210,000 credit against the purchase price pursuant to paragraph 13 (A) (2) of the contract. The parties thereafter proceeded with the closing, with plaintiff tendering the deed for the premises in exchange for the gross sum of $2,310,000, representing the $2,520,000 purchase price less the $210,000 credit authorized by paragraph 13 (A) (2).
Roughly two years later, defendants successfully applied to the Town Board of the Town of North Greenbush to amend Local Law No. 8 to increase the allowable number of multifamily residential units within the residential portion of the planned development district from 180 to 224. Plaintiff then demanded compensation in the amount of $15,000 for each of the [*2]additional 44 units approved. Upon defendants' refusal, plaintiff commenced this action alleging causes of action for breach of contract, unjust enrichment and breach of the implied covenant of good faith and fair dealing and seeking a declaration that it is no longer obligated to perform its remaining obligations under the contract as a consequence of defendants' breach. Defendants answered and counterclaimed for a judgment declaring that the contract has not been breached and setting forth plaintiff's continuing obligations thereunder. Plaintiff moved for summary judgment on its breach of contract and declaratory judgment claims, and defendants cross-moved for summary judgment on their counterclaim. Supreme Court searched the record and granted defendants summary judgment dismissing the cause of action for breach of the purchase price provision, finding that the amendment to the contract unambiguously modified the purchase price of the property from a per-unit cost to a fixed price. The court further found that questions of fact existed as to whether defendants were contractually entitled to the credits claimed at closing, and declared that any breach of the contract's cost reimbursement provision is insufficient to relieve plaintiff of its obligations under the contract. Upon appeal, this Court affirmed (id. at 1205-1207).
Thereafter, plaintiff moved to compel defendants to comply with certain discovery demands. Defendants opposed the motion, cross-moved to quash two nonparty subpoenas duces tecum issued by plaintiff and sought summary judgment dismissing plaintiff's causes of action for unjust enrichment and breach of the implied covenant of good faith and fair dealing. Supreme Court granted summary judgment in defendants' favor and dismissed the unjust enrichment and breach of implied covenant claims. The court also denied plaintiff's motion to compel and granted defendants' cross motion to quash, except to the extent that the documents sought were relevant to the $210,000 credit taken by defendants. This appeal by plaintiff ensued.
Supreme Court properly granted that branch of defendants' cross motion that sought dismissal of the unjust enrichment claim. "[T]he theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012] [internal quotation marks and citations omitted]; see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). Thus, "a party may not recover in . . . unjust enrichment where the parties have entered into a contract that governs the subject matter" (Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607 [2008]; accord Pappas v Tzolis, 20 NY3d 228, 234 [2012]; see Simkin v Blank, 19 NY3d 46, 55 [2012]; Tompkins Fin. Corp. v John M. Floyd & Assoc., Inc., 144 AD3d 1252, 1257 [2016]). Here, plaintiff's unjust enrichment cause of action is premised on defendants' failure to compensate it for the 44 additional units approved, as well as defendants' retention of the "unjustified" $210,000 credit taken at closing [FN1]. As we determined on the prior appeal, however, plaintiff's claimed entitlement to compensation based upon the additional units approved and to recovery of any or all of the $210,000 credit taken by defendants are matters controlled by the express terms of the contract. The existence of the valid, enforceable contract governing the subject matter at issue therefore precludes any recovery based upon a theory of unjust enrichment (see Pappas v Tzolis, 20 NY3d at 234; IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 142; Rayham v Multiplan, Inc., 153 AD3d 865, 869 [2017]; Tompkins Fin. Corp. v John M. Floyd & Assocs., Inc., 144 AD3d at 1257; Mascorp, Inc. v United States Fid. & Guar. Co., 122 AD3d 1195, 1196-1197 [2014]; State of New York v Industrial Site Servs., Inc., 52 AD3d 1153, 1161 [2008]).
We reach a similar conclusion with respect to plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing. Our review of the amended complaint confirms that this claim is duplicative, as it "arises from the same operative facts and seeks the same damages as the breach of contract claim[s]" (NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 794 [2016] [internal quotation marks, brackets and citation omitted]; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 319-320 [1995]; New York State Workers' Compensation Bd. v Fuller & LaFiura, CPAs, P.C., 146 AD3d 1110, 1113 [2017]; Netologic, Inc. v Goldman Sachs Group, Inc., 110 AD3d 433, 433-434 [2013]). Further, to the extent that plaintiff now alleges that defendants breached their duty of good faith by seeking to expand the scope of the project without prior discussion or disclosure, we need only note that "the implied covenant of good faith and fair dealing
. . . does not create a special relationship between two parties to a contract which would give rise to a duty to disclose" (Manti's Transp., Inc. v C.T. Lines, Inc., 68 AD3d 937, 940 [2009] [internal quotation marks and citations omitted]; see Oneida City School Dist. v Seidan & Sons, 177 AD2d 828, 829 [1991]). Thus, plaintiff's implied covenant cause of action was also properly dismissed.
Finally, we find no error in Supreme Court's resolution of the parties' respective discovery motions. CPLR 3101 mandates "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]), and "[a] party seeking discovery must satisfy the threshold requirement that the request is reasonably calculated to yield information that is material and necessary — i.e., relevant — regardless of whether discovery is sought from another party or a nonparty" (Forman v Henkin, 30 NY3d 656, 661 [2018] [internal quotation marks and citation omitted]; see Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]). In view of our disposition in both this and the prior appeal, the only viable cause of action that remains is plaintiff's claim that defendants breached the contract's cost reimbursement provision. Thus, Supreme Court providently exercised its discretion in denying plaintiff's motion to compel and granting defendants' cross motion to quash the nonparty subpoenas except to the extent that the discovery devices seek documents relevant to the $210,000 credit taken by defendants (see generally Matter of Kapon v Koch, 23 NY3d at 38; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]).
Plaintiff's remaining contentions, to the extent not specifically addressed herein, have been reviewed and found lacking in merit.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Plaintiff now asserts that its unjust enrichment claim also encompasses a purported increase in infrastructure costs and obligations caused by the change in the allowable number of units within the planned development district. Even assuming, arguendo, that the unjust enrichment cause of action can be read to include such a theory, plaintiff failed to submit any evidence in opposition to defendants' cross motion for summary judgment demonstrating that its contractual infrastructure obligations had, in fact, increased as a result of any actions taken by defendants (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068 [1979]).