Catlyn & Derzee, Inc. v Amedore Land Developers, LLC (2019 NY Slip Op 01475)





Catlyn & Derzee, Inc. v Amedore Land Developers, LLC


2019 NY Slip Op 01475


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

526911

[*1]CATLYN & DERZEE, INC., Appellant,
v
AMEDORE LAND DEVELOPERS, LLC, et al., Respondents.

Calendar Date: January 10, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Lemery Greisler, LLC, Albany (Paul A. Levine of counsel), for appellant.
O'Connell and Aronowitz, Albany (Paul A. Feigenbaum of counsel), for respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Weinstein, J.), entered February 13, 2018 in Albany County, which granted defendants' motion for leave to serve a second amended answer.
The underlying facts of this case are fully set forth in two prior decisions of this Court (166 AD3d 1137, 1138 [2018]; 132 AD3d 1202, 1203 [2015]). Briefly, this matter involves a commercial dispute relating to the purchase and development of land in the Town of North Greenbush, Rensselaer County (hereinafter the property). In February 2008, defendant Amedore Land Developers, LLC formed defendant Van Allen Apartments, LLC for the purpose of entering into a contract to purchase the property from plaintiff. In May 2010, the parties executed an amendment to the contract which, among other things, allocated responsibilities for developing and paying for the property's infrastructure. The parties closed on the property the same day the amended contract was executed. In 2013, after several disputes arising from a change in zoning law, plaintiff commenced this action asserting numerous claims, only one of which remains intact — whether defendants were entitled to a governmental approval credit that it claimed at closing. After plaintiff subsequently amended the complaint, defendants answered and, among other things, asserted a counterclaim. However, plaintiff later alleged that defendants' counterclaim did not include a claim for money damages. After plaintiff refused to stipulate that money damages were included in the relief sought in the existing counterclaim, a conference was held in Supreme Court during which the court directed defendants to file a motion for leave to amend if plaintiff continued to refuse to stipulate to the amendment. Subsequently, defendants moved for leave to serve a second amended answer to assert a second counterclaim for money damages based upon breach of contract, which was opposed by plaintiff. Supreme Court granted the motion. Plaintiff appeals, and we affirm.
A motion for leave to amend a pleading should "be freely given" unless it can be shown that the amendment would prejudice the nonmoving party or is plainly lacking in merit (CPLR 3025 [b]; see Bynum v Camp Bisco, LLC, 155 AD3d 1503, 1504 [2017]), and a trial court's [*2]ruling should not be disturbed absent a clear abuse of discretion (see Backus v Lyme Adirondack Timberlands II, LLC, 96 AD3d 1248, 1250 [2012]; Smith v Haggerty, 16 AD3d 967, 968 [2005]). Further, "the movant need not establish the merits of the proposed amendment" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 99, 101-102 [2017]; Belair Care Center, Inc. v Cool Insuring Agency, Inc., 161 AD3d 1263, 1265 [2018]).
We are unpersuaded by plaintiff's contention that Supreme Court erred in granting defendants' motion to amend because defendants did not have privity of contract and therefore lack standing, rendering the proposed amendment palpably insufficient. In support of their motion for leave to serve a second amended answer, defendants submitted an affidavit by George Amedore Sr., a member of both Amedore Land Developers and Van Allen, wherein he confirmed that, in July 2015, Van Allen conveyed the property at issue to North Greenbush Apartment Partners LLC (hereinafter NGAP), a company which is not a party to this litigation. The affidavit also averred that Amedore Land Developers is nevertheless entitled to damages for the alleged breach because it "funded the cost of the infrastructure work for which defendants seek reimbursement." As correctly noted by Supreme Court, because NGAP's role is not apparent from the face of the second amended answer, nor is the extent and manner in which Amedore Land Developers bore the infrastructure expenses or whether it did so under any legal obligation, these matters require an evidentiary inquiry and are therefore more appropriate for a motion for summary judgment, or trial, rather than for a determination as to whether the amended pleading is palpably insufficient (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 102).
Likewise, Supreme Court properly found that the second amended pleading sets forth a colorable breach of contract claim, even if defendants failed to bill plaintiff monthly for infrastructure improvements as set forth in the amended contract. The language in the amended contract cited in the proposed counterclaim states explicitly that "the party doing the work shall bill the other party in monthly installments for its share of the cost . . . and said bill shall be paid within 30 days unless objected to for reasonable cause." Defendants do not assert that billings have been sent; instead, they point to plaintiff's failure to actually perform under the amended contract following demand and that defendants undertook the obligation to perform the work. Thus, Supreme Court noted that, even if defendants failed in billing plaintiff, a colorable claim existed because, "[w]hile the other relevant provisions divvy up the parties' share of the expenses, this term imposes a specific task upon plaintiff. The crux of the counterclaim in this regard is not that defendants were damaged from plaintiff's failure to pay a sum owed, but that plaintiff harmed defendants in that the latter had to carry out work that [plaintiff] was contractually obliged to perform." Moreover, it is established that defendants have demanded payment from plaintiff and requested performance.
This Court has already decided that "even if defendants are ultimately found to have breached the cost reimbursement provision [by failing to bill plaintiff], such conduct would not serve to defeat the very purpose of the parties in entering into the contract so as to justify its termination" (132 AD3d at 1207). Further, even if the billings were not sent monthly pursuant to the amended contract, factual issues abound as to whether such demands would have been futile and, as such, whether defendants were relieved from engaging in "futile acts or conditions precedent" (Sunshine Steak, Salad & Seafood v W.I.M. Realty, 135 AD2d 891, 892 [1987]; see AXA Global Risks U.S. Ins. Co. v Sweet Assoc., 302 AD2d 844, 846 [2003]). As already stated, a motion for leave to amend is not the appropriate forum to litigate factual issues such as these (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 102). Moreover, notwithstanding defendants' failure to bill plaintiff, defendants' motion papers establish a claim for breach of contract because plaintiff failed to undertake the specific task imposed on it under the amended contract (see Berkeley Research Group, LLC v FTI Consulting, Inc., 157 AD3d 486, 489 [2018]; Henry v Brenner, 271 AD2d 647, 648 [2000]). Finally, plaintiff's assertion that defendants' breach of contract counterclaim is barred by the statute of limitations is being raised for the first time on appeal and, thus, is not properly before this Court (see Pepenella v Brumar Day Spa Corp., 143 AD3d 876, 877 [2016]; Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1223 [2013]).
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.